**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **OLUSEGUN AYODELE,** : | |
| : | |
| Petitioner : | |
| : | **CIVIL NO. 3:CV-11-0612** |
| v. : | |
| : | **(Judge Caputo)** |
| **ERIC HOLDER, *ET AL*.,** : | |
| : | |
| Respondents : | |

**M E M O R A N D U M**

I.   **Introduction**

The pro se petitioner, Olusegun Ayodele, a detainee of the Bureau of Immigration and Customs Enforcement (ICE), has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Mr. Ayodele filed his petition on April 1, 2011, while housed at the York County Prison in York, Pennsylvania,[1] challenging his continued detention in the custody of ICE.  Petitioner claims to have been held in ICE custody since April 11, 2010.  Doc. 1, Habeas Pet.  Petitioner challenges his detention as not statutorily authorized and in violation of the Due Process Clause, and seeks an order directing respondents to release him from custody.[2]  *Id.*

---

[1] Mr. Ayodele is presently housed at the Pike County Correctional Facility in Lords Valley, Pennsylvania.

[2] To the extent Mr. Ayodele seeks to his removal order, or the facts upon which his removal is based, he may not do so here.  The REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, provides that the exclusive remedy for challenging an order of removal is a petition for review filed with "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2).  Moreover, "the [habeas corpus] process is no longer available to any alien, criminal or otherwise, seeking to challenge his or her removal." *Kolkevich v. Attorney Gen.*, 501 F.3d 323, 329 (3d Cir. 2007).

Based on the Court's review of the record in this matter, Mr. Ayodele's petition for habeas corpus will be dismissed without prejudice as premature as his presumptively reasonable period of post-removal-period detention has yet to expire. As such, his detention is authorized by 8 U.S.C. § 1231(a)(2) and does not violate due process.

## II.     Background

Mr. Ayodele is a citizen and native of Nigeria who was initially admitted to the United States in July 29, 1972 as a Non-immigrant Visitor for Pleasure. Doc. 10-1, Exs. in Supp. of Resp. to Pet. for Writ of Habeas Corpus at p. 5.[3] In March 1976, Mr. Ayodele's status was adjusted to Lawful Permanent Resident. Doc. 10-1 at p. 5. He was convicted on February 19, 1993, in the United States District Court for the Eastern District of New York for importing heroin. *Id*. He was sentenced to 37 months imprisonment and 5 years supervised release. *Id*. During his incarceration Mr. Ayodele cooperated with the Drug Enforcement Agency (DEA) officials and offered assistance in the arrest and conviction of other drug dealers. Doc. 1 at p. 4.

On March 14, 1995, exclusion proceedings were initiated against Mr. Ayodele under Section 235(b) of the Immigration and Nationality Act (INA). Doc. 10-1 at p. 12. On February 2, 2006, Petitioner was granted a waiver of removal under Section 212(c) of the INA. *Id*. at p. 13.

---

[3] Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

On March 27, 1997, Mr. Ayodele was arrested after he took possession of a package at Mail Boxes, etc. mailed from Pakistan containing heroin. *Id*. at p. 27. On June 26, 1998, following a guilty plea, Petitioner was convicted in the Superior Court of New Jersey of: aggravated assault; resisting arrest; possession of heroin, and manufacturing, distributing or dispensing heroin. *Id*. On April 27, 2009, he was sentenced to time served, 274 days incarceration, for all charges. *Id*.

On October 21, 2009, Mr. Ayodele was convicted of violating the conditions of his supervised release with regard to his previous New York federal drug conviction due to his new criminal conduct: drug possession. *Id*. He was sentenced to twelve months and one day incarceration for this violation. *Id*. Mr. Ayodele was released to ICE authorities on April 9, 2010, following his release from Bureau of Prisons (BOP) custody. *Id*. He was issued a Notice to Appear charging him as deportable under the following provisions of the INA: (1) Section 237(a)(2)(A)(ii) (conviction of two crimes of moral turpitude not arising out of a since scheme of criminal misconduct); (2) Section 237 (a)(2)(A)(iii) (conviction of an aggravated felony as defined in Section 101(a)(43)(B) of the INA, an offense related to drug trafficking); and conviction of a violation of any law related to a controlled substance other than a single offense involving possession of small amount of marijuana for one's own use). *Id*. at pp. 5 - 6.

In November 2010, Petitioner filed a Petition for Review with the Third Circuit Court of Appeals challenging his removal proceedings. *Id*. at pp. 22 - 23. The Third Circuit Court of Appeals dismissed the petition noting that Mr. Ayodele's proceedings were "ongoing" and that there was "no final order of removal" for their review. *Id*.

Olusegun Ayodele filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2241 on April 1, 2011.  Doc. 1, Pet.  Just four days later, on April 5, 2011, an Immigration Judge (IJ) ordered him removed from the United States and denied his application for voluntary departure, denied his application for asylum and his application for withholding of removal.  Doc. 10-1 at p. 24.  On April 22, 2011, Petitioner filed an appeal of the IJ's decision with the Board of Immigration Appeals (BIA).  That appeal is still pending.

**III.    Discussion**

The INA authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States.  *See* 8 U.S.C. § 1226(a).  In *Demore v. Kim*, 538 U.S. 510, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003), the Supreme Court upheld the constitutionality of mandatory detention under § 1226(c), and ruled that such mandatory detention during removal proceedings under § 1226(c) is a constitutionally permissible part of the removal process.  "[T]he statutory provision at issue governs detention of deportable criminal aliens *pending their removal proceedings*.  Such detention necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed."  *Id*., 538 U.S. at 527 - 28, 123 S.Ct. at 1720.

The detention, release, and removal of aliens subject to a final order of removal is governed by the provisions of 8 U.S.C. § 1231.  Pursuant to § 1231(a)(1)(A), the Attorney General has ninety days (90) to remove an alien from the United States after his order of

removal becomes administratively final.  During this ninety-day period, which is referred to in immigration terms as "the removal period," detention of the alien is mandatory.  *See* 8 U.S.C. § 1231(a)(2).  The commencement of the removal period is triggered by various events.  Specifically, Section 1231(a)(1)(B) provides:

> The removal period begins to run *on the latest* of the following:
>
> (i)   The date the order of removal becomes administratively final.
>
> (ii)  If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B) (emphasis added).  At the conclusion of the ninety-day period, if the alien has not been removed and still remains in the United States, his post-removal-period detention may be continued only as long as "reasonably necessary" to effectuate his removal from the United States.  *Zadvydas*, 533 U.S. at 689, 121 S.Ct. 2498.  Alternatively, he may be released under the supervision of the Attorney General.  *See* 8 U.S.C. §§1231(a)(3) and (6).  The Supreme Court cautioned that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by [§ 1231(a)(6)]." *Id*. at 699, 121 S.Ct. at 2503.  To assist habeas courts, the Supreme Court recognized that the presumptively reasonable period of post-removal-detention period pursuant to 8 U.S.C. § 1231(a)(6) to be six months.  *Id.* at 701, 121 S.Ct. at 2505.  Detention past this period "does not mean that every alien not removed must be released."  *Id.*  If at the conclusion of the six-month period, the alien provides good reason

to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Id*.

Here, at the commencement of this habeas matter, Petitioner's detention was pursuant to 8 U.S.C. 1226(c) as his removal proceedings were on going and no final order of removal had been entered. At that point, his removal was mandatory pursuant to 8 U.S.C. § 1226(c)(1)(B) as Mr. Ayodele stands convicted of offenses defined by § 1227(a)(2)(A)(ii), § 1227(a)(2)(A)(iii) and § 1227(a)(2)(B). However, since the filing of his Petition, a final order for his removal has been entered. Furthermore, Mr. Ayodele has filed an appeal of that order, which is not yet resolved. Thus, the Petitioner's removal period has not yet commenced. Likewise, the presumptively reasonable six month period of post-final-order detention has not yet expired. Because § 1231(a)(2) mandates detention during the removal period, his detention is statutorily authorized. His present day detention is "presumptively reasonable" because he has not yet been held for longer than six months. *See Zadvydas*, 533 U.S. at 701, 121 S.Ct. at 2505; *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002)("this six-month period thus must have expired at the time [petitioner's] § 2241 petition was filed in order to state a claim under *Zadvydas."*). Underscoring this holding is that his order of removal is not yet final triggering the removal period or the presumptively reasonable six month period of post-final-order detention. As the petition is premature, there is no need for the court to examine whether Petitioner has established "that there is no significant likelihood of [his] removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701, 121. S.Ct. at 2505.

For the reasons set forth above, Petitioner's § 2241 petition will be dismissed without prejudice as premature.

An appropriate Order follows.

                                            **/s/ A. Richard Caputo**
                                            **A. RICHARD CAPUTO**
                                            **United States District Judge**

**Date: August 4, 2011**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **OLUSEGUN AYODELE,** | : |
| Petitioner | : |
| | : CIVIL NO. 3:CV-11-0612 |
| v. | : |
| | : (Judge Caputo) |
| **ERIC HOLDER, *ET AL*.,** | : |
| Respondents | : |

**O R D E R**

**AND NOW,** this 4TH day of **AUGUST, 2011**, **IT IS HEREBY ORDERED**:

1. The Petition for Writ of Habeas Corpus (doc. 1) is dismissed.

2. The Clerk of Court shall close this case.


/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**